IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN KAPP, individually and KAREN KAPP as Administrator of the Estate of her minor son, ZACHARY PROPER, | )<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 16-cv-1380 |
| v. | ) |
| JOHN E. WETZEL, ERIC BUSH, ROBERT MARSH, MHM SERVICES, MURRAY THOMPSON, YIN HA YUN, KAREN MARUSA, MARK NICHOLSON, | )<br>)<br>)<br>) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

## PLAINTIFF'S PRE-TRIAL STATEMENT

AND NOW COMES Plaintiff, by and through her undersigned counsel, and files this pretrial statement.

**I.   Factual Narrative**

A. Introduction

Karen Kapp brings this action on her own behalf and on behalf of the estate of her deceased son Zachary Proper. Zachary was, at the time of his death, a fifteen-year-old inmate at the State Correctional Institution at Pine Grove ("SCI Pine Grove" or "Pine Grove.") He committed suicide on September 8, 2014, shortly after he was transferred from a cell with a single bed in view of the guard station to a cell with a bunk bed which was not fully visible from the guard station. Zachary hung himself from the top bunk with a bed sheet. Ms. Kapp contends that Defendants were on notice that Zachary was particular vulnerable to suicide and were deliberately indifferent to that risk. She further contends that Defendants' failure to recognize the risk that Zach would commit suicide

and take appropriate precautions fell below the accepted standard of care for psychological professionals.

B.  Parties

Zachary Proper was a severely emotionally disturbed teenager with a history of impulsive behavior and suicide attempts. Shortly before his arrival at SCI Pine Grove, Zachary had been sentenced to 35 to 80 years in prison for murdering his grandparents.

Defendant Karen Marusa, at all times relevant, was a Psychological Services Specialist (PSS) at Pine Grove. She was responsible for meeting with Zachary at least monthly and providing him with one-on-one psychotherapy.  She was also responsible for monitoring how well he was adjusting to institutional life, monitoring changes in his behavior and reporting troubling behavioral changes up the chain of command to Defendant Thompson and the institution's psychiatrist, Dr. Yun.

Defendant Murray Thompson, at all times relevant, was a Licensed Psychologist Manager (LPM) at Pine Grove. He was responsible for making sure that inmates at Pine Grove received appropriate psychological care.  He was also responsible observing inmates and determining whether they were exhibiting troubling behaviors.  He interacted with Zachary regularly.

C.  Facts and Legal Contentions

Upon his arrival at Pine Grove, Zachary self-reported, *inter alia*, a history of depression, multiple suicide attempts, recent auditory hallucinations of voices telling him to hang himself, hospitalization for suicide attempts, substance abuse, physical, emotional and sexual abuse and impulsive behavior. He was fourteen years old. Zachary

was assigned an "O code" which meant that he was to receive increased observation by all staff. He was also assigned a "Z code" which meant that he could not be housed with other inmates. Neither of these statuses was changed or reviewed during his incarceration.

Three months after his arrival, in March 2014, Defendants Thompson and Marusa personally interviewed Zachary and completed a Psychological Assessment Report. Thompson and Marusa were aware of Zachary's history and stated in their report that he presented an "institutional risk" of suicide.

Throughout his incarceration, Zachary continually complained about his medications and the DOC Psychiatrist repeatedly changed his prescriptions and dosages. Both Marusa and Thompson were aware that he was unhappy with his medications and would often refuse to take them. Marusa testified that Zachary frequently expressed homicidal ideation to her during their meetings. However, she never informed his psychiatrist of this or noted it in his file.

On August 11, 2014 Zachary stopped taking his prescribed medication Risperdal. Marusa and Thompson were made aware of this fact. On August 13, 2104, Zachary met with Marusa and informed her that he was experiencing new emotions and feelings like crying.  He told her he was having difficulty dealing with this these emotions and that he "now realized and regrets killing [his] grandparents. He also reported "dreams and mind flashes" involving his grandparents.

Zach had never previously described to Marusa or Thompson feeling any emotion whatsoever, let alone feelings of regret.  Marusa reported the August 13, 2014 visit to

Thompson at a staff meeting. She concluded that Zachary's statements indicated he was making progress and finally coming to terms with what he had done. Thompson agreed. Nevertheless, neither Marusa nor Thompson took any action following the August 13. 2018 meeting. Marusa did not document any meetings with Zachary for three and a half weeks. Neither Marusa nor Thompson informed Zachary's psychiatrist or his Unit Manager of the meeting.

On or about August 19, 2014, Zachary began to display aggressive behavior towards corrections officers. On August 22, 2014, both Marusa and Thompson were present at a Psychological Review Team meeting at which Zachary's medication non-compliance was discussed. Dr. Yun discontinued his medication because he was not compliant. Neither Marusa nor Thompson informed Dr. Yun or the Psychiatric Review Team of the August 13, 2014 visit or Zachary's aggressive behavior.

Beginning on about August 18, 2014, Zachary stopped calling home. He had previously communicated with his family members or his girlfriend on a weekly basis. Ms. Kapp called SCI Pine Grove repeatedly during this time and told various personnel on Zach's unit, including Defendant Marusa, that she had not heard about her son and she was concerned. She asked Marusa to keep an eye on Zachary so he didn't try to hurt himself. Marusa told her that Zachary was happy and doing fine but that that she would ask the corrections officers to keep an eye on him. Marusa did not take any action to alert anyone to Plaintiff's concerns.

On or about September 6, 2014 Zachary was placed on "transition status" due to his aggressive behavior. Transition status is a form of punishment which involves a change of cell and loss of certain privileges. Zachary's recreation time was restricted and

his personal belongings, including a recently acquired television set, were confiscated. On or about September 8, 2014 Zachary was transferred from a cell which was in full view of the guard station and had a single bed to a cell which was not in full view of the guard station and which had a bunk bed.  That night he hung himself.

Plaintiff's experts will testify that Zachary exhibited nearly every evidence-based risk factor for adolescent suicidality, that he was particularly vulnerable to suicide and that a reasonable mental health professional in Thompson or Marusa's position would have appreciated that risk.

The evidence will show that there were numerous readily-available measures Defendants Marusa and Thompson could have taken to keep Zachary safe. These included alerting the corrections officers on his unit his vulnerable state, asking them to keep an eye on him, asking them to report any changes in behavior, requesting that he not be transferred or housed in a cell with a bunk bed or requesting that any disciplinary actions be reviewed with them first.  There were also more severe measures available such as housing him in a cell with a closed-circuit video camera or placing him a psychological observation cell. The defendants' failure to take even modest and readily available measures to keep Zachary safe was reckless and deliberately indifferent to his particular vulnerability to suicide and increased the risk that he would complete suicide.

Plaintiff reserves the right to amend or supplement this statement in accordance with the Federal Rules of Civil Procedure or Court Order.

II) **Damages**

    a. Plaintiff Karen Kapp, individually:

      i. Economic:
- Funeral Expenses:  $8896.00
- Grave Stone:         $2399.00
- Cemetery plot       $225.00

      ii. Non-economic:
- Loss of society, companionship and services

b. Karen Kapp as Administrator of the Estate of her minor son, Zachary Proper:

      i. Economic
- Estate administration expenses:   $138

      ii. Non-economic
- Loss of the enjoyment of life; and
- pain and suffering between the time of the Defendants' negligent conduct and/or deliberate indifference and the time of the Zachary's death.

Plaintiff reserves the right to amend or supplement this list in accordance with the Federal Rules of Civil Procedure of Court order.

### III)    **Witnesses**

a. Karen Kapp (liability and damages)(will call)
   Witness may be contacted through counsel
   Margaret S. Coleman, Esq.
   Law Offices of Timothy P. O'Brien
   239 Fourth Avenue
   Suite 2103, Investment Building
   Pittsburgh, PA  15222

b. Ryan Kapp (liability and damages)(will call)
   (814) 493-4056
   327 Upper Sage Road
   Oil City, PA 16301

c. Tessa Holt (liability and damages)(will call)
   (814) 493-4425
   317 Bissell Ave.
   Oil City, PA 16301

d. Randy Sell (liability) (as on cross)(will call)

      Phone number unknown
      2863 Route 286 Highway E
      Indiana, PA 15701

  e. Karen Marusa (liability) (as on cross)(will call)
     (412) 565-3573
     1251 Waterfront Place, Mezzanine Level
     Pittsburgh, PA 15222

  f. Murray Thompson (liability) (as on cross)
     (412) 565-3573
     1251 Waterfront Place, Mezzanine Level
     Pittsburgh, PA 15222

  g. Mark Nicholson (liability) (as on cross)(will call)
     (412) 565-3573
     1251 Waterfront Place, Mezzanine Level
     Pittsburgh, PA 15222

  h. Carrie Anne Stivanelli (liability) (as on cross)(may call)
     412) 565-3573
     1251 Waterfront Place, Mezzanine Level
     Pittsburgh, PA 15222

  i. Dr. Scott Tracy, Ph.D. (liability)(will call)
     (724) 626-4444
     2001 University Drive
     Lemont Furnace, PA 15456

  j. Delaney Smith, MD, DFAPA (liability)(will call)
     (614) 752-0333
     2200 W Broad St
     Columbus, OH 43223

Plaintiff reserves the right to amend or supplement this list in accordance with the Federal Rules of Civil Procedure or Court Order.

**IV) Witnesses to Testify by Deposition**

  a. Delaney Smith, MD, DFAPA (liability)(will call)
     (614) 752-0333
     2200 W Broad St
     Columbus, OH 43223

**V) Exhibits**

| Bates # | Description |
|---|---|
| 8-17 | Clinical review of Suicide |
| 141 | DC-134 Information Report |
| 142-43 | Inmate Cumulative Adjustment Record |
| 144 | 2-21-14 – Email re: psych non-compliance |
| 146 | Medication Administration Notes |
| None | Cell History |
| 109-140 | Psychiatric Review Team Meeting Minutes |
| 80-82 | Initial Psychiatric Evaluation |
| 364-372 | Mental Health Contact Notes |
| 347-353 | Outpatient psychiatry notes |
| 373-376 | Psychological Assessment Report |
| 386 | Suicide Risk Checklist |
| 387 | Treatment Plan |
| 389-413 | Release from Responsibility for Medical Treatment forms |
| 464 | Intake Questionnaire |
| KKZP396-453 | Assorted Correspondence |
| KKZP454-458 | Funeral and Estate Administration Expense Receipts |
| None | Zachary Proper Visitation Log |

Plaintiff reserves the right to amend or supplement this list in accordance with the Federal Rules of Civil Procedure of Court order.

VI) <u>Legal Issues</u>

None at this time.

VII) **<u>Copies of Expert reports</u>**

    a. See attached report of Dr. Scott Tracy, Ph.D.

    b. See attached report of Dr. Delaney Smith, MD, DFAPA

VIII) **<u>Copies of Treating Physician Reports</u>**

    a. None.

Respectfully submitted:

<u>/s/ Margaret S. Coleman</u>
PA ID# 200975

Law Offices of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff